**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

BRUCE INGRAHAM and HOLLY S.
INGRAHAM,

                Plaintiffs,

    v.

RED CARPET HOUSING CORP.;
ATTORNEY MICHAEL KURZ,

                Defendants.

1:17-CV-1076
(GLS/CFH)

---

**APPEARANCES:**                **OF COUNSEL:**

Bruce and Holly S. Ingraham
247 Bleecker Street, Apt. 2
Gloversville, New York 12078
Plaintiffs pro se

# REPORT-RECOMMENDATION AND ORDER

## I.  In Forma Pauperis

      Presently pending before the Court is plaintiffs' motion to proceed In Forma Pauperis ("IFP").  Dkt. No. 2.  Plaintiffs commenced this action on November 17, 2016 by filing a complaint in the United States District Court for the Western District of New York.  See Dkt. No. 1 ("Compl.").  This matter was transferred to this District on September 27, 2017.  Dkt. No. 7.  Plaintiffs paid the filing fee in full on June 6, 2017.  See Dkt. entry dated June 6, 2017.  Summonses were issued on September 27, 2017.  Although plaintiffs have paid the filing fee, they may still seek IFP relief for other

expenses, such as service of process by the United States Marshals.[1] See 28 U.S.C. § 1915(d) (stating that "the officers of the court shall issue and serve all process and perform all duties in [in forma pauperis] cases."). Upon review of plaintiff's IFP application, Dkt. No. 2, the undersigned concludes that the plaintiffs financially qualify to may proceed with this matter IFP for the purpose of service the summonses and complaint.[2]

## II. Initial Review of Complaint

Despite the fact that plaintiffs have payed the filing fee, this Court may still review plaintiffs' complaint, sua sponte, for frivolousness. See Williams v. Obama, No. 11 Civ. 4126, 2011 WL 5553491, at *1 (S.D.N.Y. Nov. 15, 2011) (citing Fitzgerald v. First East Seventh Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000) (per curiam) ("[T]he District Court . . . possessed the power to dismiss the instant action sua sponte, notwithstanding the fact that [the plaintiff] had paid the . . . filing fee.") and quoting Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009)("While the law authorizes dismissal of frivolous complaints even if the filing fee has been paid, district courts 'remain obligated

---

[1] Summonses were issued for defendants on September 27, 2017. Dkt. No. 8. However, it is unclear whether plaintiffs served defendants with summonses, as there has been no proof of service filed nor has any defendant appeared in this action. Thus, it is the undersigned's understanding that defendants have not yet been served.

[2] As the undersigned recommends dismissal without prejudice and with opportunity to amend, despite granting IFP, it is not recommended that summonses be issued at this time, and, if the District Judge adopts this Report-Recommendation and Order and plaintiffs file an amended complaint that cures the defects identified in this Report-Recommendation and Order, service can be addressed at that time. See n.1, supra.

2

to construe a pro se complaint liberally.'")).[3]  Where, as here, a plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest."  Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).  However, this does not mean the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims.  Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based.  See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).   Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.

### A.  Factual Allegations

Plaintiffs bring this action against defendants Red Carpet Housing Corp. and Michael Kurz, who plaintiffs indicate is the attorney for Red Carpet Housing Corp.  Compl. at 2.  Plaintiffs allege that this action involves housing discrimination and "delmation of charter," which, liberally read, the Court construes to mean defamation of character.  Id. at 4.  They further argue that the case involves "discrimiation [sic], and or civil prevention of consecltment [sic][4] due to eviction proceed [sic]."  Id. at 1.  In

---

[3]  Plaintiffs are advised that, although they have been granted IFP status, they will still be required to pay any copying and/or witness fees that they may incur in this action.

[4]  The undersigned cannot determine what plaintiffs mean by this word.

3

addition, plaintiffs argue that the case also surrounds "personal conflicts against local and or misconduct prior civil right volations [sic] and other government agencies." Id. Plaintiffs also contend that they are being harassed by "tenants and or assiocites [sic]" of Red Carpet Corp. Id. at 4. Further, plaintiffs argue that defendants are "trying to justicefy [sic] an eviction through third parties." Id. at 5. The only other factual allegations plaintiffs provide in the complaint are that defendant Kurz, apparently in small claims court, stated that "he never talked to me on Sept 9, 2016" and, at some point, stated to one of the plaintiffs, "I must be on crack and he never talked to me he said and stateing [sic] that Red Carparts [sic] owns the land and you own the trailer and he does not want you there." Id. at 3-4.

Plaintiffs complaint, although it indicates that it is a claim of housing discrimination, harassment, and defamation – apparently arising out of an improper eviction – fails to provide sufficient factual information for the Court to review or for defendants to have notice of the claims against them. See generally Compl. Plaintiffs appear to allege that defendants discriminated against them and defamed their character in connection to an eviction proceeding and/or a small claims court case. However, plaintiffs to not explain the basis for the alleged discrimination. They do not provide whether defendants discriminated against them because of their membership in a protected class, such as their race, religion, national origin, gender, age, or familial status. Further, plaintiffs do not provide a sufficient factual background of the case, the eviction proceedings, or any steps they took prior to bringing this case in federal court. Although plaintiffs reference "prior civil right" violations "and government agencies," they

4

provide no explanation or background for these "prior" violations nor do they explain how government agencies may be involved. See Compl. at 1. Similarly, although plaintiffs allege that defendants have defamed their character, beyond alleging that Mr. Kurz made certain, unidentified statements, perhaps connected with a small claims court case, and stating that Mr. Kurz told one of the plaintiffs, on a phone call, that he or she "must be on crack and he never talked to me," plaintiffs do not explain how defendants committed defamation of character.[5] Id. at 4.

Pleading guidelines are provided in the Federal Rules of Civil Procedure ("Fed R. Civ. P"). Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;

---

[5] Defamation of character is a state law claim. Defamation insoles injury to a person's reputation, either by written expression (libel) or oral expression (slander)." Lesesne v. Brimecome, 918 F.Supp. 2d 221, 224 (S.D.N.Y.2013). "Under New York law, slander is defined as '(1) a defamatory statement of fact, (2) that is false, (3) published to a third party, (4) of and concerning the plaintiff, (5) made with the applicable level of fault on the part of the speaker, (6) either causing special harm or constituting slander per se, and (7) not protected by privilege.'" O'Diah v. Yogo Oasis, 954 F. Supp. 2d 261, 275 (S.D.N.Y. 2013) (quoting Liberman v. Gelstein, 80 N.Y.2d 429, 434-35 (N.Y. 1992)).

5

>  (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
>  (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d). Although Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." Id. In determining whether a complaint states a claim on which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).

A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

Plaintiffs' complaint, which is a six-page fill-in-the-blank form, does not provide

6

this Court with sufficient information and fully fails to comply with Federal Rules of Civil Procedure 8 and 10. See FED. R. CIV. P. 8, 10. Although the Court is able to glean some facts and the most basic understanding of the apparent dispute, the little information that is provided is not enough for the Court to determine whether this action should proceed. Further information surrounding the details of the apparent conviction, discrimination, and harassment is needed.

### B. Jurisdiction

Plaintiffs' complaint is also deficient insofar as it does not provide a basis for this Court to determine whether this action is properly in federal Court.. See Compl. In order for this Court to have jurisdiction over this matter, the plaintiffs must demonstrate that there exists either complete diversity jurisdiction or federal question jurisdiction. "It is a fundamental precept that federal courts are courts of limited jurisdiction." Owen Equip. & Erec. Co. v. Kroger, 437 U.S. 365, 374 (1978). A court may properly dismiss a case where it "lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Subject matter jurisdiction may be based either on federal question or the complete diversity of citizenship of the parties. 28 U.S.C. §§ 1331, 1332.

### 1. Diversity Jurisdiction

To show diversity jurisdiction, plaintiffs must demonstrate that they are citizens of different states from all of the defendants. Section 1332 of the Judicial Code provides

7

that federal courts have subject matter jurisdiction on the basis of "diversity jurisdiction" "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, *and* is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1) (emphasis added).   Plaintiffs' complaint demonstrates that there is no diversity jurisdiction.  Plaintiffs are citizens of New York State, as they provide that they live in Gloversville, New York.  Plaintiffs have further provided that both defendants are also citizens of New York State.  Plaintiffs' complaint states that Red Carpet Housing Corporation is based in Johnstown, New York, and Michael Kurz is based in Guilderland, New York are also New York residents.  Thus, as plaintiffs are citizens of New York, none of the defendants may reside or be based in New York for diversity jurisdiction to exist.   Because plaintiffs have not shown that Red Carpet Housing Corp and Michael Kurz are both citizens of a state <u>other than</u> New York State, they cannot proceed in this Court on the basis of diversity jurisdiction.

### 2. Federal Question Jurisdiction and Supplemental Jurisdiction

Federal question jurisdiction exists where the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  <u>Greenberg v. Bear, Sterns & Co.</u>, 220 F.3d 22, 25 (2d Cir. 2000) (internal quotation marks omitted), <u>overruled on other grounds by</u> <u>Doscher v. Sea Port Grp. Securities, LLP</u>, 832 F.3d 372 (2d Cir. 2016)).  Plaintiffs' complaint fails to set forth the alleged federal constitutional provisions or statutes that they believe defendants have violated nor does it indicate the

8

damages they are seeking. Indeed, their complaint does not request any monetary damages and does not appear to request injunctive relief. Compl. at 5. Although the complaint mentions the word "civil rights" on one occasion, perhaps referring to apparently earlier disputes or state court cases involving these defendants, the complaint does not specifically allege that defendants somehow violated their civil rights or identify what rights have been violated. Similarly, to the extent it can be determined, plaintiffs' current complaint appears to involve questions of state law, defamation of character, harassment, and an allegation of an improper eviction. See Compl.

Reading the complaint with a very liberal lens, it is arguable that plaintiffs are attempting to raise a housing discrimination claim under the federal Fair Housing Act of 1968 and the Fair Housing Act Amendments of 1988, 42 U.S.C. 3601, et seq. ("Fair Housing Act"). A tenant who alleges he or she is subject to discrimination in violation of the Fair Housing Act may bring a private cause of action for damages. See, e.g., Robinson v. Gorman, 145 F. Supp. 2d 201, 205 (D.Conn. 2001)). The Fair Housing Act prohibits discrimination on the basis of protected categories, which include race, color, national origin, religion, familial status, or gender. See 42 U.S.C. § 3604(b). However, as stated above, plaintiffs do not identify themselves in any of these protected categories or allege that any discrimination occurred because of these protected categories.[6]

---

[6] The Fair Housing Act also prohibits discrimination for third parties who "not necessarily members of the protected class . . . aid or encourage protected class members in the exercise or enjoyment of their Fair Housing Act rights." Fraizer v. Rominger, 27 F.3d 828, 833 (2d Cir. 1994)). Plaintiffs do not appear to be contending that they fall within this class of people; though clarification through an amended complaint is needed.

9

Insofar as plaintiffs' complaint seeks to raise state law claims, such as defamation, although a federal court may address state court claims under its supplemental jurisdiction, supplemental jurisdiction requires that the federal claim and the pendent state-law claims "form part of the same case or controversy." 28 U.S.C. § 1367. In other words, the claims must "derive from a common nucleus of operative fact." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966). Further, although this Court can, in its discretion, exercise supplemental jurisdiction over state law claims that are related to federal claims over which the Court has jurisdiction pursuant to 28 U.S.C. § 1367, because plaintiffs have not yet demonstrated that federal jurisdiction exists, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over these potential state law claims at this time, but afford plaintiffs the opportunity to amend to attempt to demonstrate the existence of federal jurisdiction. See 28 U.S.C. § 1367(c); section II(B)(2), supra.

### III.  **Conclusion**

In sum, plaintiffs' complaint does not provide sufficient facts for the Court to assess the sufficiency of their claims." Gonzales, 167 F.R.D. at 355. Additionally, the complaint does not demonstrate this Court's jurisdiction as plaintiffs have failed to demonstrate diversity jurisdiction – they have not demonstrated that all defendants are from a different state than plaintiffs – and have also failed to demonstrate the existence of a federal question jurisdiction; thus, it is recommended that the complaint be dismissed. Ordinarily, a court should not dismiss a complaint filed by a pro se litigant

10

without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991); see also FED. R. CIV. P. 15(a) ("The court should freely give leave when justice so requires."). In light of plaintiffs' pro se status, it is recommended that the dismissal be without prejudice and with opportunity to amend so that plaintiffs may, if they choose, attempt to submit a complaint that complies with the pleading requirements of Federal Rules of Civil Procedure 8 and 10; contains sufficiently detailed information demonstrating both the factual background of this matter, explaining what occurred regarding the apparent eviction and how they believe defendants violated certain laws or rights; and explains how this Court has federal question jurisdiction by stating which federal laws or Constitutional provisions they believe defendants have violated. To the extent plaintiffs may be able to provide the Court with additional factual information to support their federal claims and demonstrate this Court's jurisdiction, plaintiffs should be given this opportunity.[7]

**WHEREFORE**, for the matters stated herein, it is hereby

**ORDERED**, that plaintiff's second motion to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that the complaint (Dkt. No. 1) be **DISMISSED without prejudice and with opportunity to amend** as set forth herein; and it is

---

[7] Plaintiff are advised that, if the District Judge, upon reviewing this Report-Recommendation and Order, permits plaintiffs to file an amended complaint and plaintiffs choose to file an Amended Complaint, the Amended Complaint must be a complete pleading that will replace and supersede the original Complaint in its entirety. Thus, all claims and allegations that were made in the original Complaint must be set forth in the Amended Complaint in order for the Court to consider them.

11

**ORDERED,** that the Clerk of the Court serve a copy of this Report-Recommendation and Order on plaintiffs pro se in accordance with Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: October 19, 2017
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge